UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ABNER ALVAREZ,                                            :
                Petitioner,                   :         **MEMORANDUM OPINION**
                                               :         **AND ORDER**
v.                                                 :
                                               :         15 CV 8076 (VB)
MICHAEL KIRKPATRICK,             :
                Respondent.          :
----------------------------------------------------------------x

Briccetti, J.:

      Pending before the Court is Magistrate Judge Judith C. McCarthy's Report and Recommendation ("R&R"), dated March 1, 2019 (Doc. #18), on Abner Alvarez's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554.

      After a jury trial, petitioner was convicted in Supreme Court, Orange County, of murder in the second degree, and two counts of criminal possession of a weapon in the second degree. On December 16, 2008, petitioner was sentenced to an indeterminate term of imprisonment of twenty-five years to life on the murder charge, and two determinate terms of imprisonment of fifteen years on each of the weapon possession charges, all of which to run concurrently. On October 11, 2011, the Appellate Division, Second Department, affirmed the conviction. People v. Alvarez, 88 A.D.3d 807 (2d Dep't 2011). On December 20, 2011, the Court of Appeals denied leave to appeal. People v. Alvarez, 18 N.Y.3d 856 (2011). Petitioner did not seek a writ of certiorari to the United States Supreme Court.

      On April 12, 2012, petitioner sought a writ of error coram nobis claiming ineffective assistance of appellate counsel, which was denied by the Appellate Division on September 12, 2012. People v. Alvarez, 98 A.D.3d 985 (2d Dep't 2012). On December 7, 2012 the Court of Appeals denied leave to appeal. People v. Alvarez, 20 N.Y.3d 985 (2012).

1

In 2013, petitioner moved to vacate his conviction in Supreme Court, Orange County, pursuant to N.Y. C.P.L. § 440.10. (Doc. #11-6). The motion was denied on May 28, 2014. (Doc. #11-13). On August 17, 2015 the Appellate Division denied petitioner leave to appeal. (Doc. #11-15).

On September 9, 2015, petitioner filed the instant petition arguing that his conviction and sentence were unlawful because (i) the prosecutor elicited, and the trial court improperly admitted, evidence of petitioner's gang activity in violation of the trial court's pre-trial order; (ii) the evidence was legally insufficient to establish that he shot the victim; (iii) he was deprived of the effective assistance of both trial and appellate counsel; (iv) newly discovered evidence warranted vacating his conviction; and (v) the prosecution withheld exculpatory or impeaching evidence in violation of Brady v. Maryland, 383 U.S. 83 (1963).

Judge McCarthy recommended denying the petition. Specifically, Judge McCarthy found petitioner's first and second challenges were procedurally barred from federal review, as they were resolved by the Appellate Division on the basis of an adequate and independent state law ground. Further, Judge McCarthy found that petitioner did not make the required showing that the performance of either trial or appellate counsel "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and also did not show there was a "reasonable probability" that but for the claimed errors of counsel, the outcome of the proceedings would have been different, id at 694.

Moreover, Judge McCarthy found that the evidence of the prosecution witnesses' gang affiliations did not meet the standard for newly discovered evidence under Section 440.10, because it was unlikely to have changed the result of the trial and it could have been ascertained by petitioner at the time of his trial. Finally, Judge McCarthy found that petitioner had not

2

established a Brady violation; to wit, petitioner had not shown the prosecution withheld exculpatory information that it possessed at the time of the trial, and the exculpatory information that petitioner claimed was withheld or suppressed was "thoroughly presented" at trial.

The Court agrees with Judge McCarthy. Accordingly, for the following reasons, the R&R is adopted as the opinion of the Court, and the petition is DENIED.

## DISCUSSION

I.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail, see Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews those parts of the report and recommendation objected to under a de novo standard of review. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Because petitioner is proceeding pro se, the Court "will 'read [his] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.'" Id. (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).[1]

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court denies a federal claim on the merits, a habeas petitioner is entitled to relief on that claim only if he can show the state court either (i) made a decision contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). When a state court denies a federal claim on a procedural ground that is "firmly established and regularly followed" in that state, a federal court may not even review the claim unless the petitioner shows either cause and prejudice for the failure to comply with the state procedural rules, or that he is actually innocent. Clark v. Perez, 510 F.3d 382, 391–93 (2d Cir. 2008).

II.   Petitioner's Objections

Petitioner timely objected to the R&R. (Doc. #19). Petitioner argues (i) the prosecution elicited testimony of gang-related activities in violation of the trial court's pre-trial order, and that this testimony unfairly prejudiced petitioner in the eyes of the jury; (ii) the evidence against

---

[1] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

him at trial was insufficient to establish his guilt; (iii) petitioner was denied the effective assistance of both trial and appellate counsel; (iv) various instances of prosecutorial misconduct deprived petitioner of a fair trial; (v) newly discovered evidence presented in his Section 440.10 motion warranted vacating his conviction; and (vi) the prosecutor withheld evidence of the gang affiliations and ranks of certain witnesses in violation of Brady.

Petitioner's objections (i), (ii), (iv), (v), and (vi) largely restate petitioner's arguments in his original habeas petition, and are otherwise general and conclusory. The Court therefore reviews those portions of the R&R for clear error. Having reviewed those portions of Judge McCarthy's thorough and well-reasoned R&R, the Court finds no error, clear or otherwise.

Petitioner's objection (iii) is sufficiently specific and the Court reviews this portion of the R&R under a de novo standard. Petitioner argues that Judge McCarthy's evaluation of petitioner's claim of ineffective assistance of counsel failed to consider the cumulative effect of the individual errors made by both trial and appellate counsel.

Petitioner fails to demonstrate that his representation was deficient or prejudicial under the standard set forth in Strickland v. Washington, 466 U.S. at 688. While individual errors made by counsel may be considered in the aggregate, the reviewing court must find that there were, in fact, errors. Lindstadt v. Keane, 239 F.3d 191, 198–99 (2d Cir. 2001). In other words, defense counsel's representation must have been "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690. Petitioner has not shown that his counsels' representation was deficient. Therefore, he fails to show ineffective assistance.

## CONCLUSION

The R&R is adopted as the opinion of the Court for the reasons stated herein. Accordingly, the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: June 10, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge